**CLEVELAND TRUST COMPANY, Appellant, v. BOWERS, Tax Commr., Appellee.**

Board of Tax Appeals.

No. 27079.   Decided November 29, 1954.

Frederick K. Cox, Cleveland, Bricker, Marburger, Evatt & Barton, William S. Evatt, Columbus, for appellant.

C. William O'Neill, Atty. Genl., William E. Herron, Columbus, for appellee.

**OPINION**

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of August 18, 1954 by the appellant, above named, from a final order of the tax commissioner dated July 21, 1954 in and by which final order the tax commissioner denied appellant's application for review and redetermination of an intangible tax certification for the year 1951.

The cause was submitted to the Board of Tax Appeals on the notice of appeal, a stipulation of facts filed herein under date of October 13, 1954, the transcript of the tax commissioner, and briefs of counsel.

The final order of the tax commissioner appealed from reads as follows:

"This proceeding being the application of The Cleveland Trust Company, a financial institution, Cleveland, Ohio, for review and redetermination of an intangible tax certification for the year 1951, after being duly heard, came on to be considered.

"Audit of the applicant's return for the year 1951 resulted in an increase of both deposits and capital. The applicant objects only to that part of the increased assessment which resulted from the inclusion of the deposit of the Cleveland Metropolitan Housing Authority in net taxable deposits. The applicant contends that said deposit is exempt from taxation, and to the extent that it was included in the value as certified, said certificate was in error.

"Upon consideration whereof the Tax Commissioner finds there was no error in the certification as issued and, as issued, said certification is hereby affirmed."

The specifications of error alleged to have been made by appellee in issuing said order are as follows:

"1. The Tax Commissioner erred in finding that the deposits of the Cleveland Metropolitan Housing Authority were properly included in net taxable deposits in the amount of $525,292.45 for a tax of $1,022.78 in the appellant's 1951 financial institution return.

"The Tax Commissioner should have found from the evidence that such deposits of the Cleveland Metropolitan Housing Authority were not taxable and should have been excluded in the computation of such net taxable deposits.

"2. The Tax Commissioner erred as a matter of law in not finding that deposits of the Cleveland Metropolitan Housing Authority are exempt under §1078-36 GC, now §3735.34 R. C.

"The Tax Commissioner should have found as a matter of law that such deposits are exempt from taxation, and that the same should have been excluded from net taxable deposits in the appellant's 1951 financial institution return.

"3. The Tax Commissioner erred as a matter of law in not finding

that deposits of the Cleveland Metropolitan Housing Authority are exempt from taxation under §5328-1a GC, now §5709.04 R. C.

"The Tax Commissioner should have found as a matter of law that deposits of such an authority are exempt from taxation and should have been excluded from net taxable deposits in the appellant's 1951 financial institution return."

The stipulation of facts, signed by counsel for both parties, reads as follows:

"It is stipulated by and between the parties to the above action:

"1. Appellant is a banking institution, organized under the laws of Ohio, and is a financial institution as defined by §5725.01 R. C.

"2. The Cleveland Metropolitan Housing Authority is a body corporate and politic, organized and existing under §3735.27, et seq., R. C.

"3. On November 14, 1950, the day of that year fixed by the Board of Tax Appeals of the Department of Taxation of Ohio for the listing of taxable deposits, The Cleveland Metropolitan Housing Authority had on deposit by appellant $525,292.45 in three commercial checking accounts, which checking accounts were used by said authority for the purpose of exercising the powers set forth in §§3735.27 to 3735.50, inclusive, R. C.

"The foregoing includes all facts pertinent to a determination of the issue raised by the above captioned appeal. However, the right is reserved to each of the parties to object to any part thereof upon the grounds of relevancy or materiality or to the legal sufficiency of said facts."

Sec. 3735.34 R. C., as amended in 1949 (123 Ohio Laws 453) reads as follows:

"All property, both real and personal, acquired or owned by a metropolitan housing authority and used for the purposes of exercising the powers set forth in §§3735.27 to 3735.50, inclusive, R. C., shall be public property used exclusively for a public purpose within the meaning of Sec. 2 of Art. XII, Ohio Constitution, and shall be exempt from all taxation. All accounting and other transactions of the authority shall be subject to the inspection and approval of the bureau of inspection and supervision of public offices, which shall transmit its report to the state board of housing."

We are of the opinion that the words "all property, both real and personal," as used in §3735.34 R. C., were meant by the legislature to embrace all property of a metropolitan housing authority used for the purposes of exercising the powers set forth in §§3735.27 to 3735.50 R. C., inclusive whether tangible or intangible. We are further of the opinion that the legislature, as a matter of policy, has said in this section of the Revised Code that such property shall be exempt from taxation.

In connection with the power of the General Assembly to exempt personal property from taxation, the parties are referred to the case of State, ex rel. Struble, v. Davis et al., Tax Commission, 132 Oh St 555, 8 O. O. 552, wherein the first two sections of the syllabus read as follows:

"1. Sec. 2 of Art. XII of the state Constitution requires only lands and improvements thereon to be taxed by uniform rule according to value. By reason of the removal of previous constitutional limitations and restrictions, the power of the General Assembly to determine the subjects and methods of taxation and exemption of personal property therefrom is limited only by Art. I of the Constitution of the state.

"2. In the matter of classification of property for taxation purposes, broad power is conferred upon the Legislature. Its action in that regard will not be set aside by the courts unless the classification attempted results in such discrimination against members of the same class as to deny them the equal protection of the law."

It thus appears clear to us that the deposits involved in this case come squarely within the provisions of §5709.04 R. C., which section reads as follows:

"Money, credits, investments, deposits, and other intangible property belonging, either legally or beneficially, to corporations, trust(s), associations, funds, foundations, or community chests, organized and operated exclusively for religious, charitable, scientific, literary, health, hospital, educational, or public purposes, exclusively for the prevention of cruelty to children or animals, or exclusively for contributing financial support to any such purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation, shall not be subject to taxation."

It is noted that this section of the Revised Code goes much farther than merely exempting these deposits from taxation in that said section provides that such deposits "shall not be subject to taxation."

The final order of the tax commissioner is, therefore, reversed and it is our finding and order that the deposits involved in this case are not subject to taxation.